**UNITED STATES of America,**
**Appellee,**

v.

**Everton Orlando CLARK, also known as Jason Haroway, also known as Junior Murray, also known as Jason Hardaway, also known as Eventon Clarke, also known as Murray Murray, also known as Everton D. Clarke, Defendant–Appellant.**

**No. 00–1206.**

United States Court of Appeals,
Second Circuit.

June 27, 2001.

---

Steven M. Statsinger; Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, NY, for appellant.

Roberto Finzi, Assistant United States Attorney, Southern District of New York; Mary Jo White, United States Attorney, Andrea L. Labov, Assistant United States Attorney, on the brief, New York, NY, for appellee.

Present CABRANES, and PARKER, Circuit JJ., CEDARBAUM, District J.*

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.

Everton Orlando Clark was convicted, after a guilty plea, of one count of illegally reentering the United States in violation of 8 U.S.C. § 1326(b)(2) and was sentenced, *inter alia*, to 78 months' imprisonment. On appeal, Clark contends that his plea allocution before a magistrate judge com-

plied neither with the terms of his consent to such an arrangement nor with the requirements of Article III of the United States Constitution.

We have held that, consistent with the Federal Magistrates Act, 28 U.S.C. §§ 631–39, and Article III of the Constitution, a magistrate judge may conduct a felony guilty plea allocution *so long as the defendant has consented* to the delegation to the magistrate judge. *See United States v. Williams*, 23 F.3d 629, 632–34 (2d Cir.1994); *see also United States v. Dees*, 125 F.3d 261, 264–69 (5th Cir.1997); *United States v. Ciapponi*, 77 F.3d 1247, 1249–52 (10th Cir.1996). As we stated, "the consent requirement ... saves the delegation. Consent is the key." *Williams*, 23 F.3d at 633; *see also id.* at 634 ("consent again is the crucial difference in the constitutional analysis"). In the instant case, Clark expressly requested that the District Court allow him to plead before the Magistrate Judge (Michael H. Dolinger, *Magistrate Judge* ), consenting both orally and in writing. However, it appears that Clark consented to proceedings different from those that occurred—specifically, the consent was conditioned upon review of the plea allocution by the district judge.

It is undisputed that Clark did not object to the proceedings before the trial court. Accordingly, we review for "plain error." *See* FED.R.CRIM.P. 52(b). We have explained that in order to find plain error:

First, there must be "error," or deviation from a legal rule which has not been waived. Second, the error must be "plain," which at a minimum means "clear error under current law." Third, the error must, as the text of Rule 52(b) indicates, affect substantial rights, which

---

* Of the United States District Court for the Southern District of New York, sitting by designation.

normally requires a showing of prejudice. Finally, even if all three of these conditions are met, the court of appeals may exercise its discretion to correct the error *only* if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.

*United States v. Bayless*, 201 F.3d 116, 127–28 (2d Cir.2000) (internal quotation marks and alterations omitted) (emphasis added).

In the instant case, it appears that there was an error at the trial level that was clear under *Williams*. No review of the plea allocution was conducted, and no determination was made by an Article III judge that the plea was knowingly and voluntarily made. This Court, however, has the trial transcript and our review makes it very clear that the plea was knowingly and voluntarily made. In light of that review, the defendant has made no showing that the error "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings."

For the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.